1
2
3
4                         UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7    ANTWYONE LYNCH,                          Case No.  21-cv-09897-JSW
                 Plaintiff,
8
9         v.                                  ORDER OF PARTIAL DISMISSAL
                                              AND OF SERVICE
10   A. KUSTER, et al.,
11               Defendants.

12
13                              INTRODUCTION
14        Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42
15   U.S.C. § 1983 against officials at the California Training Facility.  Leave to proceed in forma
16   pauperis is granted in a separate order.  For the reasons discussed below, certain claims are
17   dismissed, and the Complaint is ordered served Defendants.
18                                ANALYSIS
19   A.    STANDARD OF REVIEW
20        Federal courts must engage in a preliminary screening of cases in which prisoners seek
21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
22   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
23   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
24   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se
25   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
26   Cir. 1990).
27        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
28   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

United States District Court
Northern District of California

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff alleges that Defendants Kuster, Mowery, Martinez, and Marquez retaliated against him for filing administrative grievances by, among other things, imposing improper disciplinary measures against him, informing other inmates that he was a sexual offender, and asking other inmates to commit violence against him. When liberally construed, these allegations state cognizable First and Eighth Amendment claims against them.

Plaintiff also alleges that defendants Paulson and Kregg refused to recommend that he be single celled despite the risk that he faced from the other Defendants' dissemination of information that Plaintiff was a sex offender. When liberally construed, these allegations state a cognizable claim for relief under the Eighth Amendment.

Plaintiff's claim for damages for mental distress must be dismissed because there is no allegation of any physical injury. *See* 42 U.S.C. § 1997e(e).

## CONCLUSION

For the reasons set out above,

1. Defendants Sergeant A. Kuster, Y. Martinez, Lieutenant M. Mowery, Lieutenant J. Marquez, Psychologist J. Paulson, and Clinical Social Worker C. Kregg, shall be served at the

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Correctional Training Facility.  The claims for mental and emotional distress damages are

2   DISMISSED.

3       Service shall proceed under the California Department of Corrections and Rehabilitation's

4   (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance

5   with the program, the clerk is directed to serve on CDCR via email the following documents: the

6   Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons.  The clerk also

7   shall serve a copy of this order on the plaintiff.

8       No later than 40 days after service of this order via email on CDCR, CDCR shall provide

9   the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s)

10  listed in this order will be waiving service of process without the need for service by the United

11  States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be

12  reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the

13  California Attorney General's Office which, within 21 days, shall file with the court a waiver of

14  service of process for the defendant(s) who are waiving service.

15      Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each

16  defendant who has not waived service according to the CDCR Report of E-Service Waiver a

17  USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies

18  of this order, the summons, and the operative complaint for service upon each defendant who has

19  not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-

20  Service Waiver.

21      2.  The Defendants **shall** file an answer in accordance with the Federal Rules of Civil

22  Procedure.

23      3.  In order to expedite the resolution of this case:

24          a.  No later than **91 days** from the date this order is filed, the remaining defendants,

25  including those who have been ordered served above, shall file a motion for summary judgment or

26  other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by

27  summary judgment, they shall so inform the court prior to the date the summary judgment motion

28  is due.  All papers filed with the court shall be promptly served on the plaintiff.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

c.  Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

e.  Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion.

4.  All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 4, 2022

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.