UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTWYONE LYNCH,

    Plaintiff,

v.

A. KUSTER, et al.,

    Defendants.

Case No. 21-cv-09897-JSW

**ORDER GRANTING IN PART MOTION TO DISMISS AND MOTION FOR JOINDER; SCHEDULING FURTHER DISPOSITIVE MOTION**

Re: Dkt. Nos. 11, 12

## INTRODUCTION

Plaintiff, a California parolee proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss the complaint because various claims are unrelated and improperly joined. Plaintiff filed an opposition. Defendants filed a reply brief.[1] For the reasons discussed below, the motion to dismiss is GRANTED IN PART AND DENIED IN PART. Further dispositive motions are scheduled.

## DISCUSSION

The federal rules on joinder of claims are straightforward. "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Claims against multiple Defendants may be joined if the claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action." Id. at 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

---

[1] Defendant Kuster's motion to join the other Defendants' motion to dismiss is GRANTED.

"Unrelated claims against different defendants belong in different suits." *Id*. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id*.

Here, Plaintiff claims that Defendants Martinez and Marquez retaliated against him for because he filed an administrative grievance against Martinez. Although Plaintiff alleges that Martinez and Marquez retaliated against him indifferent ways, these claims arise from the same transaction or occurrence (Plaintiff's grievance against Martinez that triggered the retaliation) and involve common questions of law (the legal standard for retaliation) and fact (the same triggering grievance). Therefore, these claims are properly joined into a single action Rules 18 and 20.

Plaintiff also brings claims against Defendant Kuster for inciting violence against Plaintiff and against both Defendants Kuster and Mowery for retaliating against Plaintiff for filing an administrative grievance against Kuster. Although the retaliation claim against Kuster and Mowery involves the same legal standard as the retaliation claim against Marquez and Martinez, they do not all arise from the same transaction or occurrence. The retaliation claim against Kuster and Mowery arises from an administrative grievance Plaintiff filed against Kuster, whereas the retaliation claim against Martinez and Marquez arises from a different administrative grievance, i.e. a grievance against Martinez. Therefore, the retaliation claim against Kuster and Mowery is not properly joined in this action. Similarly, the inciting violence claim against Kuster is not properly joined because it does not arise from the same transaction or occurrence as the retaliation claims against Marquez and Martinez. Consequently, these claims will be dismissed without prejudice to Plaintiff bringing them in a new action.

Plaintiff claims that Kregg and Paulson refused to allow Plaintiff a single-cell. This claim was found cognizable, when liberally construed, insofar as Martinez's allegedly releasing information about Plaintiff's sexual offense conviction put Plaintiff in danger from having a cellmate. This claim arises from the same transaction or occurrence as the asserted adverse actions that Martinez took in retaliation against Plaintiff. Namely, Plaintiff claims that Martinez retaliated against him by releasing information of his sexual offense conviction to other inmates,

which endangered him. This will also be a common question of fact in the two claims. Therefore, the claim that Kregg and Paulson endangered him by denying him a single cell is properly joined in the same case as the retaliation claim against Martinez.

In his opposition, Plaintiff describes a claim that he wanted a single cell because of the retaliation and "harassment" by the other Defendants. The Court did not, and does not, find such a claim cognizable because, as explained in the Order of Service, he cannot recover for emotional distress because there was no alleged physical injury. Moreover, there is no constitutional authority that denial of a single-cell, without more, violates the constitution. The only way in which the single-cell claim *here* alleges a constitutional violation is that Plaintiff alleges that denying the single-cell endangered Plaintiff, in violation of his Eighth Amendment right to safety from other inmates, because Martinez had disseminated information to the rest of the inmates that Plaintiff had a conviction for a sexual offense, which meant that a cellmate would be more likely to harm him. If Kregg and Paulson knew about this danger when they denied him a single cell, that would be a violation of Plaintiff's Eighth Amendment rights.

## CONCLUSION

For the foregoing reasons,

1. The motion to dismiss is GRANTED IN PART. The claims against Defendants Kuster and Mowery are DISMISSED without prejudice to bringing them in a separate case. Defendant Kuster's motion to join the other Defendants' motion to dismiss is GRANTED.

2. In order to expedite the resolution of this case:

a. No later than **91 days** from the date this order is filed, the remaining defendants, including those who have been ordered served above, shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him

3

1  pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v.*
2  *Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

3        c. Defendants **shall** file a reply brief no later than **14 days** after the date of service
4  of the opposition.

5        d. The motion shall be deemed submitted as of the date the reply brief is due. No
6  hearing will be held on the motion unless the court so orders at a later date.

7        e. Along with his motion, defendants shall file proof that they served plaintiff the
8  *Rand* warning at the same time they served him with their motion. Failure to do so will result in
9  the summary dismissal of their motion.

10  **IT IS SO ORDERED.**

11  Dated: March 28, 2023

*[signature]*
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.